IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>          v.<br><br>LACEY S. SZYBNSKI,<br><br>                    Respondent. | No. 83321-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM —Lacey Szybnski appeals the sentence imposed upon her guilty plea to felony driving while under the influence (DUI).  The trial court found Szybnski to be indigent and intended to waive all but mandatory fines and costs, but nevertheless imposed penalties and fees under Title 46 RCW that were not mandatory.  We accept the State's concession of error and remand with directions to strike the challenged fines from the judgment and sentence.

At Szybnski's sentencing, the trial court imposed a sentence at the bottom of the standard range.[1]  With regard to legal financial obligations (LFOs), the sentencing court indicated that it would "waive all non-mandatory legal, financial obligations."  The judgment and sentence accordingly imposed the mandatory $500 victim penalty assessment and a $100 DNA (deoxyribonucleic

---

[1] Szybnski also pleaded guilty to two misdemeanor offenses, but does not appeal her misdemeanor convictions or sentence.

Citations and pin cites are based on the Westlaw online version of the cited material.

acid) collection fee. In the section of the judgment and sentence pertaining to community custody, the court expressly found that Szybnski was indigent, and on that basis, waived supervision fees. But, after noting that the court was required "as a matter of law" to impose certain penalties and fees associated with felony DUI, the court imposed an additional $300 in fines under two motor vehicle statutes in Title 46 RCW.

Szybnski argues that because the sentencing court found her to be indigent and indicated its intent to waive all but mandatory LFOs, it is appropriate to remand to strike DUI related fines imposed based on an incorrect assumption that they could not be waived.[2] The State concedes error. We accept the concession.

The trial court assessed two fines under Title 46 RCW: (1) a $50.00 penalty under RCW 46.64.055(1) (additional monetary penalty for violation of Title 46 RCW), and (2) a $250.00 fee under RCW 46.61.5054(1)(a) (alcohol violator fee to fund state toxicology laboratory and Washington State Patrol grants). Contrary to the court's assumption at the time of sentencing, both statutes authorize the court to waive the fees based on indigence. RCW 46.64.055(1) provides that the statutory $50 penalty may not be reduced, waived, or suspended "unless the court finds the offender to be indigent." Similarly, RCW 46.61.5054(1)(b) states that upon petition, the court "may suspend payment of all

---

[2] Although Szybnski did not object to the imposition of fees under Title 46 RCW below, the State does not assert waiver. We have discretion under RAP 2.5(a) to address the imposition of legal financial obligations on appeal despite a lack of objection below. See State v. Blazina, 182 Wn.2d 827, 835, 344 P.3d 680 (2015).

or part of the [$250] fee if it finds that the person does not have the ability to pay."
Since the trial court found Szybnski indigent, neither fine was mandatory.

When a trial court intends to waive discretionary LFOs and inadvertently imposes them, we routinely remand to strike the financial obligations. State v. Peña Salvador, 17 Wn. App. 2d 769, 791-92, 487 P.3d 923 (2021); State v. Dillon, 12 Wn. App. 2d 133, 152-53, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020). It is clear from the record that the court intended to impose only mandatory fees, and imposed the fines under Title 46 RCW only because it failed to appreciate its discretion to waive them. We remand for the trial court to strike the fines imposed under RCW 46.64.055 and RCW 46.61.5054.

WE CONCUR: